```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  MARSHA JEFFREY,

                    Petitioner,                    ORDER
                                                   02-CR-1496(EK)
            -against-

  UNITED STATES OF AMERICA,

                    Respondent.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

  Petitioner Marsha Jeffrey has moved to seal the record of her criminal conviction in this case.  According to the Court's Electronic Case Filing system, Petitioner pled guilty to one count in the indictment before the Honorable John Gleeson on February 13, 2003, *see* Calendar Entry dated 2/13/2003, ECF No. 12, and was sentenced to five years of probation with certain special conditions.  *See* Judgment dated 7/27/2004, ECF No. 26. Petitioner seeks to seal her record pursuant to New York Criminal Procedure Law (CPL) § 160.59, stating that the record is a "stain on [her] character" when she submits to a background check, and that it has "restricted [her] from traveling internationally."  *See* Motion to Seal, ECF No. 34.

  United States District Courts lack subject-matter jurisdiction over motions to expunge or seal valid criminal

1

convictions, except under a limited set of circumstances not present in this case. *See Doe v. United States*, 833 F.3d 192, 196-99 (2d Cir. 2016) (holding that an explicit congressional extension of ancillary jurisdiction is required for district courts to exercise such power). The New York State law that Petitioner cites in support of her sealing motion is limited to certain state convictions.[1] As Congress has not authorized the exercise of federal jurisdiction for this purpose, district courts must dismiss a motion to seal where, as here, the motion stands only on equitable grounds. *Id.* at 198-99. Said differently, this Court lacks the power to consider this kind of motion, even if a petitioner has paid his or her debt to society and successfully moved on from a difficult period in their earlier life. Accordingly, the motion must be denied, and Petitioner's application is dismissed.

---

[1] Under CPL § 160.59, "a defendant who has been convicted of up to two eligible offenses (but not more than one felony offense) may apply to the court in which he or she was convicted to have such convictions sealed." *People v. Shrayef*, 181 A.D.3d 935, 936, 122 N.Y.S.3d 63, 64 (2020). An "eligible offense" refers to "any crime defined in the laws of this state," subject to enumerated exceptions. CPL § 160.59(1)(a); *see also White v. Dortch*, No. 17-CV-7266, 2017 WL 8780774, at *3 (S.D.N.Y. Nov. 28, 2017) (observing that CPL § 160.59 "allows individuals to seek sealing of records for up to two eligible state convictions").

The Clerk of Court is directed to mail a copy of this order to the Petitioner and to the close the case for administrative purposes.

SO ORDERED.

                                                /s/ Eric Komitee_____
                                                ERIC KOMITEE
                                                United States District Judge

Dated:     December 3, 2020
            Brooklyn, New York